## 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

### WITT'S ADMINISTRATOR V. WARWICK.

#### SEPTEMBER 22d, 1887.

1. TRUSTEES—*Powers—Trust subject—Rents.*—Where rents of trust sub-
ject are decreed to be paid directly by receiver to *c. q. t.*—

HELD:

> That trustee has no power to collect or use same, and his drafts
> drawn on and paid by lessee cannot be set-off against the rent
> due.

2. IDEM—*Loans to trustee—Set-offs to rent.*—Costs recovered in suit where-
by real estate was subjected to trust, and the rents decreed to be paid
directly by receiver to *c. q. t.*, were assigned by trustee to reimburse
lessee for loans to him, without evidence that the loans were for
benefit of *c. q. t.*—

HELD:

> Not to be set-offs against the rent due.

Appeal from decree of circuit court of Nelson county,
rendered October 2d, 1885, on a petition filed by John M.
Witt, administrator of D. A. Witt, deceased, in the cause
of Jacob Warwick, in his own right, and as trustee of Mrs.
Ellen Warwick, his wife, and her children, complainant,
against John M. Warwick and Ellen Warwick and her
children and others, defendants. (See 31 Gratt. 70.) The
decree being unfavorable to Witt's administrator, he ob-
tained an appeal and *supersedeas*. Opinion states the
case.

*Caskie & Coleman,* for the appellant.

*George M. Cochran,* for the appellee.

HINTON, J., delivered the opinion of the court.

This case is the sequel of *Warwick* v. *Warwick* reported in 31 Gratt., at page 70.

It is an effort on the part of the appellant to have set-off against a certain balance of rent due by his intestate, and which the circuit court of Nelson county decreed on the twenty-eighth March, 1879, to the appellee, Mrs. Ellen Warwick, "for the use of herself and children," three small sums of money, aggregating the sum of $132.12, which had been previously advanced to her husband, and also the sum of $326.59, the amount of the costs in this court on the former appeal, which have been paid over to the said Ellen Warwick, but to which, it is contended, the appellant's intestate was entitled under an assignment, to which I shall hereafter have occasion to allude. The original bill in the cause was filed by Jacob Warwick, the husband and trustee of the said Ellen Warwick, against his wife and children, his judgment creditors, and others. In it it was alleged, *inter alia*, that the plaintiff had applied more than $15,000 of the trust money of his wife and children, derived from her father's estate, to the payment of a lien on a tract of land, known in the proceedings as "the Rockfish tract of land," and it was insisted that to the extent of the trust money so paid the wife and children were entitled to be substituted to the benefit of the lien. The bill further states that a number of judgments had been recovered against the complainant, which constituted liens on his property, so that he could not dispose of it for his relief, and, after giving a statement of his property, asked that all of his lien creditors be made parties to the suit, their rights ascertained, and his property sold for their payment. It is thus made manifest that one of the main objects of the bill was to invoke the aid of a court of chancery for his wife and children, against the conse-

quences of his own act—that is to say, to have the trust money of his wife and children decreed them as against his creditors.

The decision of the circuit court being adverse to the rights of Mrs. Warwick, she, by her next friend, appealed to this court, and this court decided that there was a "lien by way of an implied trust" on the Rockfish land in favor of Mrs. Warwick and her children to the amount of $2,900, with interest on the same from May 2d, 1863.

This land, which it thus appears never belonged to Mrs. Warwick and was no part of her trust estate, was rented out by order of the court from January 1, 1876, until it was sold in August, 1879.

When the cause went back from this court to the circuit court of Nelson county, that court decreed a sale of the land for enough cash to pay the costs of sale and the costs of Mrs. Warwick's next friend expended in her prosecution of her claim in that court and in the court of appeals. And it having been represented to the court by special receiver Whitehead that he had not yet collected the rents of the Rockfish lands, the court decreed further that the receiver should proceed to collect said rent "and pay over the same to Mrs. Ellen Warwick, provided said rents shall not amount to more than the accumulated interest on the $2,900, the principal sum decreed to Mrs. Warwick by the aforesaid decree of the court of appeals"; the court being of opinion that Mrs. Warwick is entitled to use the interest, and only the principal is required to be kept intact.

The obvious purpose of the chancellor in making this decree was to ignore the trustee, Jacob Warwick, and to decree the fund to those who were entitled to the beneficial use and enjoyment of it. The decree is as clear and explicit as human language can make it. The direction to the special receiver is that he shall "proceed to collect said rent and pay over the same to Mrs. Ellen Warwick for

the use of herself and children." And with no sort of propriety could a chancellor, in the circumstances of this case, have done otherwise. The court was already advised by a statement in the original bill, filed by the trustee himself, that he was indebted to the trust fund for money received as trustee, as aforesaid, in the sum of $15,455.98, which he had been required by a previous decree to pay over to the sheriff of Nelson county, and the trustee was insolvent; and with these facts before it, it was the duty of the court to prevent the risk of any further diversion of these funds, and this the court did by decreeing that these rents, which it properly treated as the mere usufruct or interest of the trust funds, so lately recovered, should be paid not to the trustee, but to Mrs. Warwick as separate income to be by her disbursed for the benefit of herself and children.

This view of the matter disposes of the case so far as the three small drafts aggregating $132.12, which were drawn by Jacob Warwick, signing himself trustee, and paid by the intestate, are concerned, for it must be manifest that if Jacob Warwick had neither the right to collect or use these rents, that it was beyond his power either with or without the assent of the lessee, Witt, to charge them either by drafts, drawn in his own name, or as trustee. But it is further contended, for the appellant, that the rents should at least be credited by the amount of the costs recovered by Mrs. Warwick in this court in the cause of Warwick against Warwick and *als.* And in support of this contention an assignment of these costs by Jacob Warwick, trustee, to D. A. Witt "to reimburse himself for amount loaned me, so far as it will go" is produced. And from this paper it is argued that Witt must have furnished Mrs. Warwick, or her trustee, the money to have her case heard in the court of appeals, and that it being in proof that these costs were paid to Mrs. Warwick, and not to Witt; that a court of equity ought to enforce the assignment to reimburse Witt's

estate for this supposed advance. But to all this the full and complete answer is, that there is not a particle of proof that Witt furnished her, or her trustee, with the money to prosecute her suit, or that she ever received the slightest benefit from the advancements mentioned in the assignment. And without some proof of this kind, no court of equity could think of charging the amount of these costs against Mrs. Warwick's separate income even if the trustee had, as we have seen he had not, the power to make such an assignment. We find no errors in the decrees appealed from and they must be affirmed.

Decree affirmed.